**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **JOSE POOT, ET AL.,**<br><br>     Plaintiffs,<br><br>     vs.<br><br>**SAN FRANCISCO COUNTY SHERIFF'S DEPARTMENT, ET AL.,**<br><br>     Defendants**.** | CASE NO. 19-cv-02722-YGR<br><br>**ORDER GRANTING MOTION TO ENFORCE SETTLEMENT AGREEMENT; DENYING MOTION FOR RESCISSION OF SETTLEMENT AGREEMENT**<br><br>Re: Dkt. Nos. 72 & 87 |

Plaintiffs commenced this putative class action concerning sleep disruption in San Francisco County Jails on May 20, 2019.  (Dkt. No. 1.)  Over two years ago, the record in this action shows that the case settled in full on September 18, 2020, and the material terms of the parties' agreement were placed on the record with the magistrate judge overseeing the parties' settlement subject only to the ordinary contingencies of approval of the governing authorities for the defendants and preliminary and final approval of the class relief.  (Dkt. No. 53.)  There is no dispute that the governing authorities approved the agreement and that a motion for preliminary approval has not been filed.

Two motions are now pending before the Court concerning the parties' settlement agreement.  First, the defendants have moved to enforce the agreement as to the named plaintiffs and specifically request an order directing the parties and counsel to use their best efforts to obtain preliminary and final approval of the parties' settlement agreement consistent with its terms.  (Dkt. No. 72.)  Second, plaintiffs have moved to rescind the settlement agreement principally on the grounds that the defendants breached it shortly after it was entered on the record.  (Dkt. No. 87.)  Both motions have been fully briefed.

Having closely considered the papers submitted and the record in this case, and for the reasons set forth more fully below, a valid and binding settlement agreement exists between the

named plaintiffs and the defendants. Conceding the existence of an agreement by bringing a motion for rescission, plaintiffs have not carried their burden to demonstrate that rescission is an appropriate remedy. Accordingly, the motion to enforce is **GRANTED** consistent with this Order and the motion for rescission is **DENIED**.[1]

## I. BACKGROUND

In order to expedite the issuance of this Order, the Court assumes the parties' familiarity with the factual allegations of the putative class complaint and the pending motions. Salient facts are highlighted in the relevant analysis.

## II. DISCUSSION

Central to the parties' dispute is whether there is a valid and binding settlement agreement that can be enforced against the named plaintiffs. Resolution turns primarily on two inquires, whether: (1) a valid settlement agreement exists under applicable California law; and (2) plaintiffs have carried their burden to demonstrate that that the equitable remedy of rescission is warranted to serve as a bar to enforcement. Answering both questions is straightforward on the record presented and an evidentiary hearing is not required. As to the first question, plaintiffs concede that they consented to a settlement agreement on the record and authorized their representative to bind them. The text of that agreement is not in dispute.[2] As to the second question, plaintiffs' have failed to persuasively advance any reasonable justification for rescission. The issues and appropriate remedy are addressed in turn.

### A. ENFORCEMENT OF SETTLEMENT AGREEMENTS

Briefing shows that the parties agree on the basic legal standard for enforcing a settlement agreement in federal court premised upon California law. "It is well settled that a district court has the equitable power to enforce summarily an agreement to settle a case pending before it." *Callie*

---

[1] Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds that the motions are appropriate for decision without oral argument. Therefore, the hearing set for November 22, 2022 is hereby **VACATED**.

[2] Defendants submitted the unsigned settlement agreement that was entered on the record to the Court and authenticated it by affidavit. (See Dkt. No. 72-2.) Plaintiffs do not dispute the authenticity of the document and the Court accepts the representation that it is the settlement agreement given the confidential nature of the parties' prior negotiations.

*v. Near*, 829 F.2d 888, 890 (9th Cir. 1987). "However, the district court may enforce only *complete* settlement agreements. Where material facts concerning the existence or terms of an agreement to settle are in dispute, the parties must be allowed an evidentiary hearing." *Id.* (emphasis in original) (citations omitted). As this Court has previously explained under California law, an enforceable settlement agreement "must meet two requirements: first, it must be a complete agreement. This requires that the parties have reached agreement on all material terms. Second, the parties must have either agreed to the terms of the settlement or authorized their respective counsel to settle the dispute." *Marani v. Cramer*, No. 4:19-CV-05538-YGR, 2021 WL 254308, at *1 (N.D. Cal. Jan. 26, 2021) (internal citations and quotation marks omitted). Moreover, "the requirement that the district court approve a class action settlement does not affect the binding nature of the parties' agreement." *In re Syncor ERISA Litig.*, 516 F.3d 1095, 1100 (9th Cir. 2008); *Collins v. Thompson*, 679 F.2d 168, 172 (9th Cir. 1982) ("Judicial approval of a [class action settlement] is clearly a condition subsequent, and should not affect the legality of the formation of the proposed [settlement] as between the negotiating parties.").

After several conferences before Magistrate Judge Beeler, the parties settled their case in full, subject to the ordinary contingencies of approval of the governing authorities, as well as this Court given the class claims at issue. (Dkt. No. 53.) All material terms of the parties' negotiated written settlement were incorporated into the public record and representatives with settlement authority orally accepted the terms. (*Id.*; Dkt. No. 72-3 at 6:13-7:12.) As the defendants argue in their motion papers, this was sufficient to give rise to an enforceable agreement as to the named plaintiffs and their counsel, even though the agreement was subject to court and board approval. (Dkt. No. 72 at 8-9.) Plaintiffs fail to persuasively address the specifics of the argument, instead conceding that they did orally enter into and consent to a binding settlement agreement on the record.[3] The fact that the plaintiffs did not "ink" the agreement does not detract from the fact that

---

[3] In their reply to their motion for rescission, plaintiffs' concede that they authorized settlement in this case. (*See, e.g.*, Dkt. No. 89 at 3 ("Based upon the specific representation in the settlement agreement in combination with the jail's then specific performance, plaintiffs, including lead plaintiff Kenyon Norbert, authorized the settlement in this case.").) Based upon this admission, they are estopped from raising any argument to the contrary.

3

their representative with binding authority entered into the agreement on the record before a judicial officer knowing full well what the material terms of the agreement were.[4]  This cannot be ignored and obviates the need for any evidentiary hearing on the pending motion.  Accordingly, absent establishing a successful defense to enforcement, plaintiffs are bound to their agreement.

### B. RESCISSION

Plaintiffs' move to rescind the settlement agreement pursuant to various provisions of California Civil Code section 1689.  Consistent with the Court's analysis above, plaintiffs' argument admits the existence of an agreement.[5]  In turn, both parties agree plaintiffs bear the burden of demonstrating entitlement to rescission.  Relevant here, "a party to a contract may rescind the contract" under the following circumstances:

> (1) If the consent of the party rescinding . . . was . . . obtained through . . . fraud, or undue influence, exercised by or with the connivance of the party as to whom he rescinds, or of any other party to the contract jointly interested with such party.
> (2) If the consideration for the obligation of the rescinding party fails, in whole or in part, through the fault of the party as to whom he rescinds. . . .
> (4) If the consideration for the obligation of the rescinding party, before it is rendered to him, fails in a material respect from any cause.

---

Appreciating the existence of an agreement, plaintiffs consistently and repeatedly double-down on their contention that the defendants "breached" the settlement agreement by unilaterally changing the policies shortly after entering into the agreement. By definition, the defendants could not breach if an agreement did not exist.

[4] Plaintiffs' completely fail to respond to defendants' argument that an oral agreement recited in open court is binding and enforceable under California law. *See* Cal. Code Civ. Proc. § 664.6(a) ("If parties to pending litigation stipulate . . . orally before the court, for settlement of the case . . . the court, upon motion, may enter judgment pursuant to the terms of the settlement"); *Blix St. Record, Inc. v. Cassidy*, 191 Cal. App. 4th 39, 48 (2010) (estopping denial of agreement entered into orally on the record where formal agreement needed to be written and bankruptcy court approval was required).

[5] "Rescission is a remedy that disaffirms the contract.  The remedy assumes the contract was properly formed, but effectively extinguishes the contract ab initio as though it never came into existence, and its terms cease to be enforceable." *King v. City of San Mateo*, No. 17-CV-04618-DMR, 2018 WL 4636204, at *3 (N.D. Cal. Sept. 24, 2018) (citation omitted); *see also DuFour v. Be LLC*, 291 F.R.D. 413, 420 (N.D. Cal. 2013) ("The distinction between a 'void' and a 'voidable' contract is well-established: a 'void' contract 'is no contract at all; it binds no one and is a mere nullity.'  In contrast, a 'voidable' contract 'is one which may be rendered null at the option of one of the parties, but it is not void until so rendered.'" (emphasis omitted) (quoting *Guthman v. Moss*, 150 Cal. App. 3d 501, 507 (1984))).

Cal. Civ. Code § 1689(b)(1)-(2), (4).  Since these are the bases invoked by plaintiffs, the Court address each in turn.

### 1. Fraudulent Inducement

Plaintiffs' first theory for rescission is that they were fraudulently induced into entering into an agreement based upon the defendants' representations that all inmates would receive seven consecutive hours of lights out time between 10:30 p.m. until 5:30 a.m. and that noise for nighttime safety checks would only serve inmate health or welfare.  Here, both parties agree on what is required for fraudulent inducement.  Specifically, plaintiffs must demonstrate (1) a misrepresentation or false representation, (2) knowledge of its falsity, (3) an intent to defraud or induce plaintiff to enter into a contract, (4) justifiable reliance, and (5) resulting damage. *Cream v. N. Leasing Sys., Inc*., No. 15-CV-01208-MEJ, 2015 WL 4606463, at *5 (N.D. Cal. July 31, 2015). Having closely scrutinized the record, plaintiffs fail to identify any misrepresentation or false representation and their reliance is not justified.

Throughout the motion papers, plaintiffs argue that the defendants promised to maintain a lights out policy between 10:30 p.m. until 5:30 a.m.  The terms of the parties' settlement agreement, which were negotiated extensively by counsel at arm's length with a magistrate judge, and to which each named plaintiff consented through their representative, contradict any assertion that the defendants promised any specific lights out policy.  Instead, the terms provide that "Defendants already implemented a modification of the lights on/lights off schedule of its own accord in June 2019, demonstrating its commitment to this issue," and that "in accordance with the revised schedule, inmates . . . receive seven consecutive hours of night time 'lights-out' time daily[.]"  (Dkt. No. 72-2 ¶¶ 39-40.)  Moreover, per the settlement agreement, defendants represented that the San Francisco Sheriff's Office "will continue the nighttime lights dimming as currently practiced" and "agrees to notify Plaintiffs' counsel if [the San Francisco Sheriff's Office] changes the nighttime lights on/lights off schedule at County Jail 5 within one year following settlement of this litigation."  (*Id*. ¶¶ 39, 43, 45.)  Notably, plaintiffs' reply brief to the motion for rescission concedes that the settlement agreement "did not specifically reference the hours of 10:30 PM to 5:30 AM or 10 pm to 5 am," and instead they argue that they had a reasonable belief

5

that the current schedule would continue. (Dkt. No. 89 at 8.) That is not so for at least two reasons.

First, adopting such a contrary reading of the parties' settlement agreement would nullify the provision permitting the San Francisco Sheriff's Office to provide notice of any changes within one year of the litigation in violation of the well-known canon that "[t]he whole of a contract is to be taken together, so as to give effect to every part, if reasonably practicable, each clause helping to interpret the other." Cal. Civ. Code § 1641. The Court declines the invitation to adopt plaintiffs' view of the plain settlement agreement that would give the notice provision no meaning absent any admissible and probative evidence to the contrary.[6]

Second, the agreement also provides that the terms were "fully negotiated with the assistance of counsel" and that plaintiffs consent to "having read the Settlement Agreement and having been advised by Class Counsel as to its meaning and effect[.]" (Dkt. No. 72-2 ¶¶ 73, 77.) As the defendants argue, and plaintiffs disregard in reply, the advice of counsel during arm's-length negotiations, combined with the agreement's plain terms, weigh against the reasonableness of plaintiffs' reliance on the purported "misrepresentation." *See, e.g.*, *Wilhem v. Pray, Price, Williams & Russell*, 186 Cal. App. 3d 1324, 1332 (1986) (dismissing fraud claim where counsel was relied upon for an independent investigation); *Johnson v. Int'l Bus. Machines Corp.*, 891 F. Supp. 522, 530 (N.D. Cal. 1995) (upholding contract "after receiving advice of counsel"). Any purported reliance was unjustified under the circumstances.

Plaintiffs also proffer that they were induced into the settlement agreement by a representation that nighttime checks would only be used to serve inmate health or welfare. Fundamentally, plaintiffs assert that guards are engaging in noisy behavior that impacts and disrupts their sleep. Having considered the agreement, it does not guarantee the absence of any

---

[6] The Court notes that plaintiffs submitted a self-serving declaration from counsel suggesting that the defendants agreed to adhere to the preliminary injunction in *Upshaw v. Alameda County Sheriff's Office*, No. 3:18-cv-07814-JD. Plaintiffs have not proffered any credible or probative evidence apart from a self-serving declaration in support of their assertion that defendants agreed to be bound by policies implicating another jail, especially considering the fact that the parties' engaged in extensive negotiations concerning *this* case. Accordingly, the Court gives plaintiffs' reliance on *Upshaw* no weight given the parties' plain agreement.

1  noise. Instead, it provides that the San Francisco Sheriff's Office will train and remind deputies to
2  avoid unnecessary sleep deprivation. (Dkt. No. 72-2 ¶ 55.) Specifically, guards are to be
3  instructed "that noise or disruptions to rouse inmates should not be used for any purpose other
4  than to secure inmate health or welfare to ensure that these checks are not needlessly disturbing
5  inmate sleep." (*Id*.) Plaintiffs' papers do not demonstrate that activities identified are not in
6  furtherance of safety and inmate. There is also no misrepresentation or false representation
7  identified in the agreement to support a theory of rescission.

8  "Allegations of fraud and misrepresentation, unsupported in fact, do not form the legal
9  basis for rescinding a contract." *Contra Costa Cnty. Title Co. v. Waloff*, 184 Cal. App. 2d 59, 65
10 (1960). Simply put, there is no indicia of fraud in the record to support rescission on a fraudulent
11 inducement theory. The motion for rescission is denied on this basis.

### 2. Failure of Consideration

13 Next, plaintiffs' invoke California Civil Code sections 1689(b)(2) and (b)(4) concerning
14 the failure of consideration to support rescission. This argument is largely an afterthought that is
15 insufficiently developed in plaintiffs' papers and unsupported by any case law in their motion.
16 Indeed, the motion is styled as a "Motion for Rescission of the Settlement Agreement on Grounds
17 of Fraud in the Inducement," further demonstrating plaintiffs' true intent to hinge rescission on
18 fraud. The Court is under no obligation to scour case law under analogous circumstances to make
19 legal argument for plaintiffs, especially given their burden, and this is sufficient grounds to deny
20 the motion.

21 In any event, "a failure of consideration must be 'material,' or go to the 'essence' of the
22 contract before rescission is appropriate." *Stewart Cellars LLC v. W. Coast Wine Partners LLC*,
23 No. 21-CV-02153-PJH, 2021 WL 4711141, at *1 (N.D. Cal. Oct. 8, 2021). Plaintiffs' entire
24 theory of this dispute is premised upon their unjustifiable belief that the agreement directly
25 provided for consecutive hours lights out time between 10:30 p.m. until 5:30 a.m. and that any
26 unilateral change, regardless of whether that change maintained seven consecutive hours of sleep,
27 is grounds for rescission. The Court has already rejected that reasoning.

28 Moreover, the settlement agreement contains dispute resolution procedures. As the

defendants correctly note, plaintiffs have ignored those procedures and attempt to litigate an alleged breach of an agreement that has not been properly exhausted. "The rule is general that the right to rescind a contract rests only with the party who is without default." *Pyle v. Benjamin*, 102 Cal. App. 691, 696-97 (1929). Plaintiffs' own breach of those dispute resolution procedures weigh against rescinding the settlement agreement.[7] Indeed, the papers to the motion for rescission reveal the true underlying intent with the motion: "Plaintiffs agreed to a resolution with very low attorneys fees" that counsel describes as "very modest" for a quick resolution of this case. (Dkt. No. 89 at 9; Dkt. No. 87 at 4.) However, "[p]arties cannot be relieved from their voluntary contracts, however, on the mere ground that they are improvident." *Cherney v. Johnson*, 72 Cal. App. 725, 734 (1925). A very low fee award does not compel a different result at this juncture.

Seeing no other grounds to support rescission on the record presented, the motion for rescission is denied.

### C. REMEDY

Having established that there is an enforceable settlement agreement, the next issue is the appropriate remedy going forward. Relevant to the present motion to enforce, the accepted terms provide that "[c]ounsel for the Parties agree that they will take all reasonable steps to ensure that this Agreement is approved by the Court and becomes effective." (Dkt. No. 72-2 ¶ 12.) Specifically, the parties were required to jointly move for preliminary approval and certification of a settlement class. (*Id*.) Plaintiffs refused to cooperate due to the defendants' purported breach of the settlement agreement. However, that settlement agreement has an enforcement mechanism, including a process for when counsel believes the defendants are not complying with any of the acts required by the material terms of the agreement. (*Id*. ¶ 61.) Plaintiffs have refused to adhere to the agreed upon dispute resolution mechanism and double-downed on a theory of fraud that is not supported by the record.

//

---

[7] Counsel for plaintiffs have not zealously prosecuted this case. As the record shows, there has been extensive delay in properly raising issues with the Court.

At this juncture, the Court **HEREBY ORDERS** as follows:

1. Plaintiffs' counsel is directed to take all reasonable steps to ensure that the agreement is approved by the Court and becomes effective as to the class.

    a. **By no later than December 9, 2022**, plaintiffs' counsel shall provide a joint draft of the papers for joint approval and certification of a settlement class to defendants' counsel. Plaintiffs' counsel **shall also file** a Certification of Compliance with the Court.

    b. Defendants' counsel shall meet and confer with plaintiffs' counsel and provide any revisions to the papers **by December 16, 2022**.

    c. Plaintiffs' counsel shall then file the preliminary approval and certification of a settlement class papers **by no later than December 30, 2022** with a hearing set on the Court's calendar at the earliest convenience on a 35-day notice calendar.

    d. Plaintiffs are <u>**hereby warned**</u> that failure to timely file the motion for preliminary approval and certification of a settlement class papers by December 30, 2022 will result in a striking of the class claims and judgment shall be entered as to the individual plaintiffs in accordance with the terms of the settlement agreement.

    e. The Court will set forth additional steps once the preliminary approval and certification of a settlement class becomes ripe for resolution.

2. Counsel shall be mindful of their Rule 11 obligations on a going forward basis. Frivolous gamesmanship will not be tolerated.

3. Given the age of this case, further extensions will not be granted absent extraordinary circumstances. To the extent necessary, counsel may consider associating with additional counsel to judiciously and efficiently resolve this case.

### III.   CONCLUSION

For the foregoing reasons, the motion to enforce the settlement agreement is **GRANTED** and the motion for rescission is **DENIED**.

//

This Order terminates Docket Numbers 72 and 87.

**IT IS SO ORDERED.**

Dated: November 18, 2022

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**