# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JOSE POOT, ET AL,** | Case No.: 4:19-CV-2722-YGR |
| **PLAINTIFFS,** | **ORDER DENYING MOTION FOR RECONSIDERATION; STRIKING CLASS CLAIMS; AUTHORIZING JUDGMENT** |
| V. | |
| **CITY AND COUNTY OF SAN FRANCISCO, ET AL.,** | **DKT. 93** |
| **DEFENDANTS** | |

**TO ALL PARTIES AND COUNSEL OF ACTION:**

The Court does not regurgitate here the extensive procedural history of this action nor the hearings and discussions with counsel on the record. Rather, the Court recaps that on September 13, 2022, it denied the motion to dismiss for failure to prosecute and denied the motion to consolidate. (Dkt. 80.) Thereafter, on November 18, 2022, it found that the parties had entered into a valid settlement agreement and denied plaintiffs' motion to rescind. ("Underlying Order"; Dkt. 90.) The settlement agreement concerned both changes at the jail and protocols for future changes. Further, it required that the parties file a joint motion for approval of the settlement and certification of the settlement class. Given the nature of the settlement agreement, the Court ordered plaintiffs' counsel "to take all reasonable steps to ensure that the agreement is approved by the Court and becomes effective as to the class." (*Id.*)

Rather than comply with this Court's Underlying Order, on December 30, 2022, plaintiffs' counsel filed an Application for Leave to File Motion for Reconsideration of the Underlying Order on the grounds that plaintiffs refused to serve as class representatives and were not supportive of the terms of the agreement, effectively due to events which occurred *after* execution. Plaintiffs' counsel also argued that the "issue of conflicts of interest and the requirements of Rule 23(a) were not briefed on the motion for recission." (Dkt. 93.)

Plaintiffs proceed pursuant to Local Rule 7-9(b)(1) and (3) which requires:

> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party must also show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the underlying order; or . . .
>
> (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

As a threshold issue, plaintiffs fail to address how post-settlement conduct bears any relevance to the validity of the agreement in the first instance other than what had been previously briefed and decided. Next, even if relevant and "material," plaintiffs fail to address why those arguments were not raised previously. Plaintiffs' have not shown a "material difference in fact or law," much less "reasonable diligence." Finally, plaintiffs do not identify how the Court's order manifestly failed to consider arguments before it. Accordingly, plaintiffs fail to the meet the requirements for reconsideration and the motion is **DENIED**.

While the motion is denied, the Court considers the filing for the purpose of explaining plaintiffs' failure to comply with this Court's Underlying Order. The issues are familiar and merely repeat plaintiffs' post-settlement complaints and include counsel's new articulation of perceived or actual conflicts. Plaintiffs' claim that the Court prejudged the Rule 23 motion is without basis. Procedurally, there was no Rule 23 motion for the Court to consider. The Court was solely focused on the validity of the agreement itself, not the merits of the agreement. Given plaintiffs' failure to provide a Rule 23 motion, the issue was not properly before the Court.

The Court identified in the Underlying Order what would occur should plaintiffs fail to comply with their obligations. Remarkably, plaintiffs' filing does nothing to address the Court's

warning with respect to a failure to comply. At this juncture, the Court finds that the remedy set forth in the Underlying Order is the only available recourse, especially given that the parties entered into the Settlement Agreement over twenty-eight months ago on September 18, 2020.

Accordingly, the Court **HEREBY STRIKES** the class claims from the operative complaint and Judgment shall be entered in accordance with the terms of the Settlement Agreement between plaintiffs Jose Poot, Kishwan Norbert, Kenyon Norbert, Marshall Higginbotham, Antoine DeWhitt, Cory Butler, Montrail Brackens, Delon Barker, and Javonn Allen and defendants City and County of San Francisco, former San Francisco Sheriff Vicki Hennessy, former chief deputy and now Sheriff Paul Miyamoto, Captain Jason Jackson, and Captain McConnell.

Defendants shall provide the Court with a proposed form of judgment, approved as to form by plaintiffs, within five business days of this order.

This terminates Docket No. 93.

**IT IS SO ORDERED**.

Dated: January 25, 2023

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**